IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAKETA S. JOLLY,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 20-CV-0114** |
| : | |
| **TRANSUNION,** *et al.*, : | |
|     **Defendants.** : | |

## ORDER

AND NOW, this 16th day of January, 2020, because Plaintiff Maketa S. Jolly has failed to sign her Complaint[1] as required by Federal Rule of Civil Procedure 11, it is **ORDERED** that:

1. The Clerk of Court shall return Jolly's unsigned Complaint to her and shall retain a copy in the civil action file.

2. If Jolly seeks to proceed with this case, she shall sign the Complaint and return it to the Court within thirty (30) days of the date of this Order. Jolly should handwrite her signature, rather than signing electronically.

3. If Jolly fails to comply with this Order, her case may be dismissed without further notice for failure to prosecute.

**BY THE COURT:**

**/s/ John R. Padova**

**JOHN R PADOVA, J.**

---

[1] Jolly initiated this case by filing an Application to Proceed *In Forma Pauperis* and a document titled "Motion for Summary Judgment." The Court has construed the "Motion for Summary Judgment" as Jolly's Complaint in this matter, as a civil action is commenced by filing a complaint, *see* Fed. R. Civ. P. 3, and as the Court may not reject *pro se* filings based on an improper title. *See McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996) ("We agree with the district court's conclusion that the clerk improperly refused to docket the complaint because of technical deficiencies in the format of the pleading.").